PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NEAL A. POWELL, | ) | |
| | ) | CASE NO. 4:14CV02584 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Resolving ECF Nos. 12, 28, 43, |
| | ) | 61 and 65] |

Pro se Plaintiff Neil A. Powell filed this action against Defendants United States of America and Bureau of Prisons (collectively "Defendants"), alleging that employees of the United States of America were negligent in responding to his suicide attempt.  ECF No. 1.  The case was referred to Magistrate Judge George J. Limbert for general pretrial supervision pursuant to 28 U.S.C. § 636 and Local Rules 72.1 and 72.2(a).  ECF No. 15.

Pending are Powell's amended motion for summary judgment (ECF No. 28)[1] and Defendants' motion to dismiss and/or motion for summary judgment (ECF No. 43).  Both are fully briefed.  The magistrate judge issued a Report (ECF No. 59) recommending the Court deny both parties' motions for summary judgment, and grant Defendants' motion to dismiss, if the dismissal is without prejudice.  Defendants and Powell filed objections.  ECF No. 61; ECF No. 65.  For the reasons below, the Court adopts the Report and Recommendation.

---

[1] Powell's earlier filed motion for summary judgment (ECF No. 12) became non-operative when he filed his third amended complaint (ECF No. 27).

(4:14CV02584)

## I.  Background

Powell was incarcerated at the Elkton Federal Correctional Institute in Elkton, Ohio ("FCI Elkton") from December 4, 2012 through March 3, 2014.  ECF No. 43-1 at PageID #: 343. Upon arrival at FCI Elkton, Powell met with the chief psychologist, Dr. Paul Clifford, and completed a written psychological assessment.  *Id.*  Powell then met with Dr. Jessica Virzi and other members of the psychological staff.  *Id.*  He subsequently participated in a Suicide Risk Management Program for several months that consisted of weekly visits from the psychological staff.  ECF No. 41-1 at PageID #: 257.  Powell also utilized FCI Elkton's meditation room and meditation videos, as well as the suicide watch program offered by FCI Elkton.  *Id.* at PageID #: 259.

While at FCI Elkton, Powell was prescribed Prozac, but stopped taking the medication because he did not believe that it was helping his mental condition.  *Id.* at 268-69.  While at FCI Elkton, Powell attempted suicide on November 18, 2013, November 29, 2013, and December 16, 2013.  ECF No. 43-1 at PageID #: 344.  During Powell's first suicide attempt, FCI Elkton officials witnessed Powell consume an overdose of allergy medication.  *Id.*  After witnessing the ingestion, R.N. C. McConnell called poison control and arranged for Powell to be taken to a hospital, as directed by poison control officials.  *Id.*  Paramedics arrived at the prison, administered fluids to flush the drugs from Powell's system, and took Powell to a hospital where he remained for two to three days.  *Id.*  During his second suicide attempt, Powell ingested his cellmate's allergy medication.  *Id.*  Paramedics were called and Powell was again taken to the hospital.  *Id.*

(4:14CV02584)

During Powell's third suicide attempt, Dr. Virzi witnessed Powell attempt to swallow, or pretend to swallow, an unknown substance.  ECF No. 43-1 at PageID #: 344.  Following the suicide attempt, Powell was placed in a holding cell by Lt. Hoover.  *Id.*  Lt. Hoover asked Dr. Virzi to remain with Powell, and left to notify medical staff.  *Id.*  Lt. Hoover returned with members of the medical staff, and Powell's knee and ear were examined.  ECF No. 41-1 at PageID #: 266.  FCI Elkton's medical staff determined that Powell could be treated at the prison, and Powell was not transported to a hospital.  *Id.*

On November 24, 2014, Powell filed the instant case under 28 U.S.C. § 1346, alleging that employees of the United States of America were negligent in responding to this third suicide attempt, and that their negligence resulted in injury to Powell.  ECF No. 1.  Powell amended his complaint three times, with the first amendment adding Bureau of Prisons as a defendant, and the second modifying the date of the events leading to the instant case.  ECF No. 3; ECF No. 7.  Powell filed a third amended complaint asserting that he was bringing this suit pursuant to both 28 U.S.C. § 1346 and 28 U.S.C. § 2674.  ECF No. 27.  Following the third amendment, Powell filed an amended motion for summary judgment.  ECF No. 28.  Defendants filed a motion to dismiss and/or motion for summary judgment.  ECF No. 43.

## II.  Standard of Review

A district court reviews *de novo* objections to a Magistrate Judge's Report and Recommendation.  Fed. R. Civ. P. 72(b)(3).  A district judge

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

3

(4:14CV02584)

*Id.*

### III.  Discussion

### B.  Defendants' Objection

Defendants lodge an objection to that portion of the Magistrate Judge's Report which recommends denial of Defendants' motion for summary judgment.[2]  *See* ECF No. 61.  The Magistrate Judge finds that neither party is entitled to summary judgment because the parties "do not agree on the factual circumstances surrounding the December 16, 2013 or third suicide attempt, and these factual circumstances are material to the instant case . . . ."  ECF No. 59 at PageID #: 429.  Defendants contend that Powell's case should be dismissed on the merits because Powell provides nothing "other than bald assertions" to support his claims.[3]  ECF No. 61 at PageID #: 445.  The Court now analyzes Defendants' motion for summary judgment *de novo*.

### 1.  Standard of Review—Summary Judgment

Summary judgment is appropriately granted when the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56; *see*

---

[2] Defendants "agree with the Report and Recommendation that Plaintiff Neal Powell's medical malpractice Complaints concerning his medical care and treatment at the Elkton Federal Correctional Institution in Elkton, Ohio ("FCI Elkton"), should be dismissed without prejudice pursuant to Rule 12(b)(6) and/or Rule 56 of the Federal Rules of Civil Procedure for failing to attach an affidavit of merit, as required by Ohio law."  ECF No. 61 at Page ID#: 435.

[3] Essentially, Defendants argue that "Plaintiff Powell has not raised a material issue of fact regarding the critical question of whether he can 'make a showing sufficient to establish the existence of an element essential' to maintaining a viable medical malpractice claim."  ECF No. 61 at Page ID#: 436.

4

(4:14CV02584)

*also* *Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005).  The moving party is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party must "show that the non-moving party has failed to establish an essential element of his case upon which he would bear the ultimate burden of proof at trial."  *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 403 (6th Cir. 1992).

After the movant makes a properly supported motion, the burden shifts to the non-moving party to demonstrate the existence of material facts in dispute.  An opposing party may not simply rely on its pleadings; rather, it must "produce evidence that results in a conflict of material fact to be resolved by a jury."  *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).  A fact is "material" only if its resolution will affect the outcome of the lawsuit.  In determining whether a factual issue is "genuine," the court must evaluate whether the evidence could persuade a reasonable factfinder that the non-moving party is entitled to a verdict.  *Id.*

To defeat a motion for summary judgment, the non-moving party must "show that there is doubt as to the material facts and that the record, taken as a whole, does not lead to a judgment for the movant."  *Guarino*, 980 F.2d at 403.  In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party when deciding whether a genuine issue of material fact exists.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).  The existence of a mere scintilla of evidence in support of the non-moving party's position ordinarily

5

(4:14CV02584)

is not sufficient to defeat a motion for summary judgment.  *Klepper v. First Am. Bank*, 916 F.2d 337, 342 (6th Cir. 1990).

**2.  Genuine Issues of Material Fact**

As Defendants state, "[i]n a medical malpractice case, the issue on summary judgment is whether the medical staff acted as reasonable medical professionals would under the unique circumstances in the case."  ECF No. 61 at PageID #: 443; *See Burk v. Fairfield Ambulatory Surgery Ctr., Ltd.*, No. 13-CA-85, 2014 WL 4638835, at *4 (Ohio Ct. App. Sept. 5, 2014) ("[A] prima facie case of medical malpractice consists of showing that: (1) the physician deviated from the ordinary standard of care exercised by other physicians, *i.e.* the physician was negligent, and (2) such deviation was the proximate cause of the patient's injury.").  Key to uncovering the unique circumstances in this case—an indispensable step in determining how reasonable professionals would have responded—is determining whether and what substances Powell did or did not ingest during his third suicide attempt, and the facts known (or reasonably believed) by the medical staff at FCI Elkton at the time of that attempt.

Among other contentions,[4] Defendants disagree that Powell ingested allergy medication

---

[4]  Defendants argue in a footnote that Powell's failure to take the medicine prescribed to him by medical officials (Prozac) is an "intervening act that breaks the causal chain."  ECF No. 61, n. 2 at PageID #: 444.  Defendants do not explain how Powell's failure to take medication that may have tempered suicidal thoughts or behavior would diminish or eradicate the duty of medical staff at FCI Elkton to respond to a suicide attempt as reasonable medical professionals would.

Defendants also argue:

Since the gravamen of the present claim is that medical officials at FCI

(continued...)

6

(4:14CV02584)

during this third suicide attempt.  *See* ECF No. 61 at PageID #: 444.  In support, Defendants cite to a report from R.N. McConnell, which states that Powell admitted to consuming a small amount of nontoxic hand sanitizer rather than a lethal dose of allergy medication.  ECF No. 41-2 at PageID #: 300.  This report also states that officials determined Powell had no access to medication and did not ingest any.  *Id.* at PageID #: 301.  Furthermore, Defendants assert that "it is undisputed that Plaintiff Powell's symptoms were normal immediately following his alleged suicide attempt on December 16, 2013."  ECF No. 61 at PageID #: 445.

Defendants also allege that Powell engaged in inappropriate sexual activity in front of Dr. Virzi following the suicide attempt, and that this behavior is "inconsistent with the conduct of a patient that took a life-threatening does of medication and was in dire need of emergent medical care."  *Id.* at PageID #: 445-46.  Additionally, Defendants cite to a report by Dr. Virzi that states Powell admitted he feigned the suicide attempt to retaliate against staff for failing to transfer him to another prison.  ECF No. 41-2 at PageID #: 296-97.  In further support, Defendants point to Powell's refusal to answer "when asked to respond to the [] allegations that he feigned his third suicide attempt."  ECF No. 61 at PageID #: 446.  According to Defendants, this "confirms the

---

[4](...continued)
Elkton did not use the proper medical judgment and arrange for Plaintiff Powell to receive emergent care at a local hospital, Plaintiff Powell's admission that he did receive proper care contradicts his lawsuit and should doom his medical malpractice claim.

ECF No. 61 at PageID: #444.  This alleged admission is a misrepresentation of Powell's testimony.  Powell stated that he received proper *psychological* care, not that he received proper medical care.  ECF No. 41-1 at PageID #: 262.

7

(4:14CV02584)

judgment of officials at FCI Elkton that Plaintiff Powell did not seriously attempt suicide." *Id.* at

PageID #: 446.

Powell, on the other hand, argues that his third suicide attempt was genuine.  During his

deposition, Powell stated that he ingested an entire bottle (approximately 20 to 25 pills) of

allergy medication, and that Dr. Virzi saw him ingest the pills.  ECF No. 41-1 at PageID #: 263.

The Sixth Circuit has held that even where a plaintiff's deposition testimony is submitted in

response to a motion for summary judgment, that testimony may be sufficient to create a genuine

issue of material fact.  *Harris v. J.B. Robinson Jewelers*, 627 F.3d 235, 239 (6th Cir. 2010).  "A

court may not disregard evidence merely because it serves the interests of the party introducing

it." *Id.*  Furthermore, this alleged suicide attempt is similar in nature to Powell's two prior

suicide attempts at FCI Elkton, during which he ingested sufficient quantities of allergy

medication to overdose.

While Defendants believe they present more evidence in their favor than does Powell,

quantity of evidence does not decide a motion for summary judgment.  Rather, the Court inquires

whether there is a real dispute of a material issue in the case.  Based on Powell's testimony

(viewed in combination with the fact that the alleged nature of the third suicide attempt is so

similar to the confirmed first and second attempts), a reasonable factfinder could determine that

Powell ingested enough allergy medication to overdose during his third suicide attempt.  It is for

the factfinder to decide whether the medical staff satisfied their duty in responding—a question

of fact.  *See Frazier v. Pruitt*, No. 2005 CA 00099, 2007 WL 1840882, at *3 (Ohio Ct. App. June

8

(4:14CV02584)

22, 2007) ("The determination regarding whether the standard of care was met in a medical

malpractice cause of action is a question of fact for the finder of fact to decide.").

A genuine dispute of material fact exists in this case.  Therefore, summary judgment is

not appropriate.

**B.  Powell's Objection**

Powell objects to that portion of the Magistrate Judge's Report which recommends that

the Court grant Defendants' motion to dismiss and/or motion for summary judgment, insofar as it

pertains to dismissal of the case without prejudice.  *See* ECF No. 65.  The Magistrate Judge finds

that dismissal is appropriate because Powell failed to file the affidavit of merit required under

Ohio law in a medical malpractice lawsuit.  ECF No. 59 at PageID #: 433.  Powell contends that

his claim is a "non-medical negligence" claim, so an affidavit of merit is not required.  ECF No.

65 at PageID #: 456.  He claims that "the [d]uty [b]reached was a non-medical

policy"—specifically, that "staff must never take lightly any inmate suicide threats or attempts."

*Id.* at PageID #: 457.  The Court now analyzes Defendants' motion to dismiss *de novo*.

**1.  Standard of Review--Motion to Dismiss**

Pursuant to Fed. R. Civ. P. 12(b)(6), a court must dismiss a complaint for "failure to state

a claim upon which relief can be granted."  To survive a Rule 12(b)(6) motion to dismiss, the

complaint must allege enough facts to "raise a right to relief above the speculative level."  *Bell

Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must also "'contain 'either direct

or inferential allegations respecting all material elements necessary for recovery under a viable

legal theory.''" *Kreipke v. Wayne State University*, 807 F.3d 768, 774 (6th Cir. 2015) (citation

(4:14CV02584)

omitted).  In reviewing a Rule 12(b)(6) motion to dismiss, the Court must accept the factual

allegations in the complaint as true and construe them "liberally in favor of the party opposing

the motion to dismiss."  *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009).

Powell brings this action under the Federal Tort Claims Act ("FTCA").  28 U.S.C. §

2674.  "Substantively, the FTCA makes the United States liable 'to the same extent as a private

individual under like circumstances' . . . ."  *Levin v. U.S.*, 133 S.Ct. 1224, 1228 (2013) (citation

omitted).  "The extent of governmental tort liability 'is determined in accordance with the law of

the state where the event giving rise to liability occurred.'"  *Milligan v. U.S.*, 670 F.3d 686, 691

(6th Cir. 2012).  The events giving rise to Powell's claims occurred at FCI Elkton in Ohio.  Ohio

law therefore applies.

Ohio Rule of Civil Procedure 10(D)(2)(a) provides the following:

(2) Affidavit of merit; medical liability claim.

> (a) Except as provided in division (D)(2)(b) of this rule, a complaint that contains
> a medical claim, dental claim, optometric claim, or chiropractic claim, as defined
> in section 2305.113 of the Revised Code, shall include one or more affidavits of
> merit relative to each defendant named in the complaint for whom expert
> testimony is necessary to establish liability. Affidavits of merit shall be provided
> by an expert witness pursuant to Rules 601(D) and 702 of the Ohio Rules of
> Evidence. Affidavits of merit shall include all of the following:

> > (i) A statement that the affiant has reviewed all medical records reasonably
> > available to the plaintiff, concerning the allegations contained in the
> > complaint;

> > (ii) A statement that the affiant is familiar with the applicable standard of
> > care;

> > (iii) The opinion of the affiant that the standard of care was breached by
> > one or more of the defendants to the action and that the breach caused
> > injury to the plaintiff.

10

(4:14CV02584)

The Ohio Court of Appeals has stated that "[t]he dismissal of a medical claim that lacks an affidavit of merit falls under Civ. R. 12(B)(6) for failure to state a claim upon which relief can be granted." *Jackson v. Northeast Pre-Release Ctr.*, No. 09AP-457, 2010 WL 927030, at *2 (Ohio Ct. App. March 16, 2010).

## 2. Medical Malpractice Under Ohio Law

Section 2305.113(E)(3) of the Ohio Revised Code defines a medical claim as follows:

> [A]ny claim that is asserted in any civil action against a physician, podiatrist, hospital, home, or residential facility, against any employee or agent of a physician, podiatrist, hospital, home, or residential facility, or against a licensed practical nurse, registered nurse, advanced practice nurse, physical therapist, physician assistant, emergency medical technician-basic, emergency medical technician-intermediate, or emergency medical technician-paramedic, and that arises out of the medical diagnosis, care, or treatment of any person.

Under Ohio Law, a claim is a medical malpractice claim (and an affidavit of merit is therefore required) if the following two-prong test is satisfied: "(1) the claim is against one of the medical professionals or facilities listed, and (2) the claim arises out of a medical diagnosis, care, or treatment." *Wick v. Lorain Manor, Inc.*, No. 12CA010324, 2014 WL 4824685, at *4 (Ohio Ct. App. Sept. 30, 2014).

The Ohio Court of Appeals has stated that "the requirements of Civ. R. 10(D)(2) and R.C. 2305.113 apply in prison inmate medical claims." *Foster v. Dept. of Rehab. & Corr.*, No. 12AP-503, 2013 WL 988056, at *8 (Ohio Ct. App. March 12, 2013).  Prisons constitute medical facilities for purposes of determining whether a claim meets the definition of a medical claim under Ohio law.  *See Whipple v. Warren Corr. Inst.*, No. 09AP-253, 2009 WL 2940240, at *1 and *3 (Ohio Ct. App. Sept. 10, 2009) (stating that appellant's claim against Warren Correctional

11

(4:14CV02584)

Institution, alleging that he did not receive proper care for a stroke he suffered, constituted a

medical claim that required an affidavit of merit). Powell asserts his claims in a civil action

against the Bureau of Prisons. ECF No. 27 at PageID #: 164. The first prong is therefore

satisfied.

Powell alleges that R.N. McConnell failed to provide treatment after his suicide attempt,

and that an increased risk of future harm to Powell's health resulted. ECF No. 28 at PageID #:

170. Powell's unedited statement is as follows:

> Dr. Clifford failed to allow me mental health programming and failed to supervise
> Dr. Virzi Lt. Hoover failed to alert medical of my toxic overdose. R.N.
> McConnell failed to obey prison policies by not taking the knowledge of my
> attempted suicide seriously whe he were aware that this medicine could cause
> such harms if untreated. I suffered intense pains in the chest and shoulder the day
> following, and Im syffering a increased risk of future harm to heart, liver, kidneys,
> and from not having the poison flushed before it had opportunity to take effect.
> I'm suffering fatigue and anxiety attacks. This is not a medical malpractice claim.
> [sic]

ECF No. 27 at PageID #: 166. Based on Powell's articulation of his claim, the claim arises out

of medical diagnosis, care, or treatment. The second prong is therefore satisfied.

As set out above, under Ohio law, Powell's claim is a claim for medical malpractice,

regardless of how he wishes to characterize it. An affidavit of merit is required to establish

liability. Powell failed to file any such affidavit. As a result, pursuant to Rule 12(b)(6),

dismissal without prejudice is appropriate.

### IV. Conclusion

For the foregoing reasons, the Court hereby overrules Defendants' objection (ECF No.

61) and Powell's objection (ECF No. 65), and adopts the Magistrate Judge's Report and

12

(4:14CV02584)

Recommendation (ECF No. 59).  Powell's amended motion for summary judgment (ECF No.

28) is denied on the merits; his earlier filed motion for summary judgment (ECF No. 12) is

denied as moot.  Defendants' motion to dismiss and/or motion for summary judgment is granted

in part and denied in part (ECF No. 43), as described herein and in the Report and

Recommendation.  The case is dismissed without prejudice.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision

could not be taken in good faith

IT IS SO ORDERED.

 March 28, 2016                                         /s/ Benita Y. Pearson
Date                                                     Benita Y. Pearson
                                                         United States District Judge

13